COTY PROCESSING CO., INC. v. UNITED STATES

**No. 5263.**—Invoice dated Paris, France, October 12, 1935.
Certified October 14, 1935.
Entered at New York October 23, 1935.
Entry No. 747983.

(Decided May 16, 1941)

*James W. Bevans* for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between Charles D. Lawrence, Acting Assistant Attorney General, attorney for defendant, and James W. Bevans, attorney for plaintiff, subject to the approval of the Court, that the merchandise covered by the above-entitled reappraisement consists of bottles, pots, and tubulaires, the bottles being similar in all material respects to the merchandise the subject of *United States* v. *Guerlain, Inc.*, C. A. D. 146.

It is further stipulated and agreed that the said merchandise was appraised upon the cost of production under Section 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed that the issue with respect to said merchandise, covered by the reappraisement enumerated above, is the same as the issue involved in the case of *United States* v. *Guerlain, Inc., supra.*

It is further stipulated and agreed that the invoice unit prices plus 5% plus cases and packing are equal to the costs of materials, fabrication, manipulation, or other process employed in manufacturing or producing such merchandise, plus the usual general expenses in the case of such or similar merchandise (not less than 10 per centum of the costs of materials, fabrication, manipulation, or other process employed in the manufacturing and producing of such merchandise) plus the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in packed condition ready for shipment to the United States, and plus an addition for profit (not less than 8 per centum) equal to the profit which ordinarily is added to the cost of merchandise of the same general character by manufacturers or producers in the country of manufacture of merchandise of the same class or kind.

It is further stipulated by the undersigned, counsel for plaintiff, that he has personally examined the reappraisement covered by this stipulation and of his own knowledge certifies that said reappraisement has been properly signed and filed in time.

The appeal for reappraisement is waived as to all merchandise, except bottles, pots, and tubulaires, and is submitted on this stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values for the bottles, pots, and tubulaires are the invoice unit prices, plus 5 per centum, plus cases and packing.

The appeal having been waived insofar as it relates to all other merchandise, to that extent the appeal is hereby dismissed. Judgment will be rendered accordingly.